IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PEDRO MARTINEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO.  2:08cv306-MEF |
| ) | |
| MICHELIN NORTH AMERICA, INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On September 11, 2007, a complaint was filed in the Circuit Court for Barbour County, Alabama.  On November 27, 2007, an amended complaint was filed adding plaintiff Pedro Martinez as a named plaintiff.  On March 11, 2008, the state court severed the claims of Martinez from the original lawsuit and established a separate action for Martinez' claims. The attorney representing Martinez also moved to withdraw from representing Martinez. The state court granted the attorney's motion to withdraw on March 11, 2008. Consequently, plaintiff Martinez is now proceeding *pro se* in this matter.[1]

On April 21, 2008, the defendants removed the case to this court on the basis of diversity jurisdiction.  *See* 28 U.S.C. § 1332 and 1441 *et seq*.  This matter was set for a status and scheduling conference on July 14, 2008.  However, the plaintiff failed to appear at the appointed time and place, nor did an attorney appear on his behalf.  On July 14, 2008, the

---

[1] Although the plaintiff apparently has friends or family in Tennessee to whom he has given power of attorney, the court has been informed that neither Connie Rivera nor Montoya Romero are attorneys.  A non-lawyer is not permitted to represent a party in court and the court is without the authority to allow a non-lawyer to appear on behalf of a party.

court issued an order directing the plaintiff on or before August 12, 2008, to either secure counsel or show cause why this case should not be dismissed for want of prosecution. (Doc. # 17). The plaintiff was specifically cautioned that if he fails to respond as required by the order, the court would treat his failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned would recommend that this case be dismissed for such failure. Return receipt cards indicate that the plaintiff was served with the order on July 30, 2008. The plaintiff has filed nothing in response to the orders of the court. The court therefore concludes that this case is due to be dismissed.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed for the plaintiff's abandonment of his claims, failure to prosecute this action and failure to comply with the orders of the court. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **October 2, 2008.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 19th day of September, 2008.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE